**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**James William WELCH, Jr.,**
**Defendant—Appellant.**

**No. 07–30296.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2008.*

Filed June 19, 2008.

---

James E. Seykora, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FERNANDEZ and CALLAHAN Circuit Judges, and WRIGHT,** District Judge.

### MEMORANDUM ***

James William Welch, Jr. appeals from the twenty-four month sentence imposed by the district court after he admitted to three violations of the terms of his super-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vised release. At the sentencing hearing, Welch made no objection to either the length of the sentence or the method of computation of the sentence. On appeal, he raises several alleged sentencing errors, none of which were raised before the district court.

In 2000, Welch pled guilty to one count of Conspiracy to Distribute an estimated 240 grams of Methamphetamine and one count of Carrying a Firearm During and in Relation to a Drug Trafficking Offense. The district court initially sentenced Welch to a total term of imprisonment of two-hundred months on the two counts. In 2004, the district court re-sentenced Welch, because of substantial assistance he was providing to the government, reducing his sentence to forty months on the conspiracy charge and sixty months on the firearm charge, with the terms to run consecutively. He was also sentenced to five years supervised release on each count, with the terms to run concurrently.

Welch was released from prison and placed on supervised release in November 2006. In June 2007, a petition was filed charging him with six violations of the conditions of his supervised release. Welch admitted to three of the six. His attorney argued for a sentence within the sentencing guidelines range of between three to nine months of custody on each count. After listening to the arguments of counsel, the court stated that it had considered the statutory maximum; the Chapter 7 policy statements and recommended sentencing guideline range of three to nine months of custody; and the circumstances of the supervised release violations. The court then determined the appropriate sentence to be an above-guideline-range sentence of twelve months on each of the two underlying counts of conviction, to run consecutively.

On appeal, Welch complains that the court placed too much emphasis on punishment for the violations as opposed to the breach of trust, that the court improperly considered his need for rehabilitation in fashioning a sentence, and that the overall sentence was unreasonable. Welch argues for application of the "reasonableness" standard of review, notwithstanding the fact that he failed to specifically object at the sentencing hearing.

Under this standard, "only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc). "On appeal, we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *Id.* "In determining substantive reasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *Id.*

Where a defendant has failed to raise alleged sentencing errors in the district court, we apply plain error review. *See United States v. Dallman*, No. 05–30349, slip op. 5747, 5755–56, 2008 WL 2080018 (9th Cir. May 19, 2008). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.' " *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). If these three elements of the plain error test are met, a reviewing court "may exercise its discretion to notice a forfeited error that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* An error is "plain" only "if it is 'contrary to the law at the time of the appeal. . . .' " *Id.* Where a sentence is imposed outside of the guidelines, the reviewing court is to " 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.' " *Car-*

*ty*, 520 F.3d at 993 (citation omitted). The Court of Appeal will not reverse merely because it thinks a different sentence is appropriate. *Id.*

There is no indication that the district court relied solely, or even primarily, on the severity of Welch's conduct underlying the revocation of supervised release. The court did rely on the nature of Welch's conduct; it noted that Welch has a drinking problem, that Welch had not taken advantage of the previous chances he had been given to address his drinking problem, and that Welch needs help and needs to get his drinking and other problems under control. The district court further indicated that Welch would hopefully get the help he needed in prison, and recommended that Welch be placed in a medical facility.

We find no error.[1]

**AFFIRMED.**

---

1. Although we have reviewed Welch's challenge to the reasonableness of his sentence under a plain error standard, we find that even if we do not apply plain error, Welch's sentence was reasonable.